UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAMELA MICHELLE ROBERTS                          PLAINTIFF

vs.                                                          Civil No. 1:23-cv-00150-GHD-RP

THE CITY OF BOONEVILLE, MISSISSIPPI; et al.       DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court in this *pro se* Section 1983 action is the Defendant Itawamba County Jail's unopposed motion for judgment on the pleadings [23]. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's claims against Itawamba County Jail dismissed.

**Background**

In November 2022, the Plaintiff, Pamela Michelle Roberts, was arrested by Defendant Officer Aaron Canaday of the Booneville Police Department for disorderly conduct and failure to obey [1]. She was booked into the Itawamba County jail and subsequently released on her own recognizance [1].

The Plaintiff, who is proceeding *pro se*, filed this lawsuit on October 31, 2023, apparently asserting claims under 42 U.S.C. §1983 for, *inter alia*, violations of the Fourth and Fourteenth Amendments to the Constitution [1].

The Defendant Itawamba County Jail now moves for judgment on the pleadings [23] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiff has not opposed the motion.

## Standard of Review

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support

2

the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion and Analysis

The Plaintiff's claims against Defendant Itawamba County Jail are not cognizable because a county jail is not an entity that is capable of being sued under state or federal law. *Brown v. Thompson*, 927 So. 2d 733, 734 (Miss. 2006); *Jackson v. City of Gulfport*, No. 1:16CV420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017).

A local government entity "must enjoy a separate legal existence in order for it to be properly named as a defendant." *Rollins v. Hattiesburg Police Dep't*, No. 2:14cv61-KS-MTP, 2015 WL 4276386, at *5 (S.D. Miss. July 14, 2015); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). "The capacity for an entity to be sued is determined according to state law." *Cooley v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-5-KS-MTP, 2020 WL 5118054, at *2 (S.D. Miss. Aug. 31, 2020); *Crull v. City of New Braunfels*, 267 Fed. App'x 338, 341 (5th Cir. 2008). Here, it is further well-established that "[u]nder Mississippi law, a county jail is not a separate legal entity which may be sued,

rather it is an extension of the county." *Guillory v. Jones Cnty. Jail*, No. 2:14CV157-KS-MTP, 2014 WL 5847536, at *2 (S.D. Miss. Nov. 12, 2014); *Tuesno v. Jackson*, No. 5:08-CV-302(DCB)(JMR), 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009) (holding that "Defendant[] Wilkinson County Jail . . . [is] not [a] political subdivision[] or legal [entity] in and of [itself], but rather [is] merely [a] department[] of Wilkinson County, Mississippi. Therefore, the jail . . . cannot be [a] proper part[y] and must be dismissed with prejudice.").

In the case *sub judice*, the Plaintiff has sued the Itawamba County Jail [1]. As noted above, however, because the jail is not a separate legal entity capable of being sued or named as a defendant, the Plaintiff's claims against the jail shall be dismissed.

**Conclusion**

For these reasons, the Court finds that the Defendant Itawamba County Jail's motion for judgment on the pleadings shall be granted and the Plaintiff's claims against this Defendant dismissed. The Plaintiff's claims against the remaining non-moving Defendants shall proceed at the present juncture.

An order in accordance with this opinion shall issue this day.

THIS, the 17th day of June, 2024.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

4