UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PAMELA M. ROBERTS                                                                    PLAINTIFF

vs.                                                              Civil No. 1:23-CV-150-GHD-RP

THE CITY OF BOONEVILLE,
MISSISSIPPI ET AL.                                                                  DEFENDANTS

### MEMORANDUM OPINION

Presently before the Court is Defendant City of Fulton, Mississippi's Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment [Doc. No. 56] and Defendants City of Booneville, Mississippi; Booneville Police Department; Chief of Police Michael Ramey; Officer Aaron Canaday; and Officer Scott Caldwell's Motion for Summary Judgment [58]. Plaintiff Pamela Roberts ("Plaintiff") filed a response [62] which the Court assumes was in rebuttal of both motions. After due consideration, the Court finds Defendant Fulton's Motion [56] and the multiple defendants' Motion for Summary Judgment [58] well taken and grants each, dismissing Plaintiff's claims for the reasons set forth in this opinion.

*I.     Factual & Procedural Background*

On November 1, 2022, Officer Canaday of the Booneville Police Department approached Plaintiff in her front yard at 2318 North 2nd Street, Booneville, Mississippi, after receiving multiple reports she was "using a loudspeaker to yell at the fitness center located adjacent to her home" [59]. An argument ensued between the two, and Officer Canaday asked Plaintiff "for her name and ID" to which she responded, "she does 'not give out [her] name'" [*Id.* (alteration original)]. After her refusal, Officer Canaday warned Plaintiff he would "take [her] to jail now" if she did not identify herself [*Id.* (internal quotation marks omitted)]. Plaintiff continued to deny

the necessity of her identification but eventually provided Officer Canaday with her name and date of birth [59]. After relaying that information, "Officer Canaday had difficulty accurately identifying [Plaintiff] over the radio," so he asked for her driver's license [*Id.*]. Plaintiff refused to provide any form of identification claiming she had no identification "on her" [*Id.*]. At that time, Officer Canaday arrested Plaintiff "for disorderly conduct/failure to comply in violation of Mississippi Code § 97-35-7," and "[s]he was booked at the Itawamba County Jail" [*Id.*].

Plaintiff later filed this pro se Complaint against the City of Booneville, Booneville Police Department, Chief of Police Ramey, Officer Canaday, Officer Caldwell, Itawamba County Jail, and the City of Fulton on October 31, 2023 [1]. Defendant Itawamba County Jail has since been dismissed by Order of this Court [37]. Defendant City of Fulton, Mississippi, brings a Motion for Judgment on the Pleadings [56], while the other defendants have now responded to Plaintiff's Complaint [1] with a Motion for Summary Judgment [58]. Plaintiff has responded in opposition to both motions [62]. The Court addresses each in turn.

## *II.    Motion for Judgment on the Pleadings*

Plaintiff brings claims against Defendant City of Fulton for unlawful arrest under the Fourth Amendment, violation of her due process rights under the Fourteenth Amendment, and violations of 18 U.S.C. §§ 241-42[1] [1].

### A.  Judgment on the Pleadings Standard

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x.

---

[1] The Court does not address Plaintiff's claims under 18 U.S.C. §§ 241-42 because she lacks the ability to bring criminal charges via a civil complaint. See *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606 (5th Cir. Oct. 25, 2024) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (per curiam); *Lefebure v. D'Aquilla*, 15 F.4th 650, 654-55 (5th Cir. 2021)).

2

302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)). What is more, a "handwritten pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); see also *Campbell v. Brown*, 756 Fed. App'x 386, 388 (5th Cir. 2018).

### B. Analysis

Considering the factual allegations of the pleadings in this case, Defendant City of Fulton has demonstrated "the material facts are not in dispute." *Herbert Abstract Co.*, 914 F.2d at 76. Plaintiff's Complaint [1] makes mention of Defendant City of Fulton just once: "Then officer Canaday came back and drove me to Fulton, Itawamba County Jail." This is simply too little for the survival of Plaintiff's claims against the City of Fulton. Although she lists the City of Fulton as a defendant, she fails to provide even an allegation against that party to support her claim. Plaintiff has failed to "state a claim to relief that is plausible on its face," therefore, her claims against the City of Fulton must be dismissed under Rule 12(c). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. *Motion for Summary Judgment*

Plaintiff brings claims against Defendants City of Booneville, Mississippi; Booneville Police Department; Chief of Police Michael Ramey; Officer Aaron Canaday; and Officer Scott

Caldwell including unlawful arrest under the Fourth Amendment, violation of her due process rights under the Fourteenth Amendment, and violations of 18 U.S.C. §§ 241-42[2] [1].

### A. Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F.

---

[2] See *supra*, n.1.

App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). Just as with Rule 12(c) motions, a "handwritten pro se document is to be liberally construed" when considering summary judgment motions. *Estelle,* 429 U.S. at 106.

### B. Analysis

#### 1. *Claims against Individual Defendants*

The Court first considers Plaintiff's claims against the individual defendants. The individual defendants claim qualified immunity [59] which "is an immunity from suit rather than a mere defense to liability." *Cleveland v. Bell*, 938 F.3d 672, 675 (5th Cir. 2019) (citing *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)) (internal quotation marks omitted). "Once a defendant asserts qualified immunity, the plaintiff bears the burden of negating it by showing that (1) the official violated a statutory or constitutional right and (2) the right was 'clearly established at the time of challenged conduct.'" *Bailey v. Ramos*, 125 F.4th 667, 674 (5th Cir. 2025) (citing *Perniciaro v. Lea*, 901 F.3d 241, 255 (5th Cir. 2018)) (other citations omitted). Plaintiff's arguments center on a theory of false arrest, and this Court analyzes it as such.

The Fourth Amendment, incorporated to the states under the Fourteenth Amendment's due process clause,[3] governs here, and "[a] warrantless arrest must be based on probable cause." *Bailey*, 125 F.4th at 675 (citing *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000)) (internal quotation marks omitted) (other citations omitted). The record reflects Officer Canaday did not possess a warrant for Plaintiff's arrest at the time of the incident; therefore, probable cause was required before he could make the arrest. "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.*

---

[3] The United States Supreme Court fully incorporated the Fourth Amendment in *Mapp v. Ohio*, 367 U.S. 643 (1961) and *Aguilar v. Texas*, 378 U.S. 784 (1969).

5

(internal quotation marks omitted). Courts look to "the totality of the circumstances and decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer demonstrated a probability or substantial chance of criminal activity" when determining whether probable cause existed. *Id.* (citing *Reitz v. Woods*, 85 F.4th 780, 790 (5th Cir. 2023)) (internal quotation marks omitted) (other citations omitted). "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." *Id.* (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)) (internal quotation marks omitted).

Defendants' Motion for Summary Judgment provides this Court with many examples showing Officer Canaday had the requisite probable cause for Plaintiff's arrest on the night in question [59]. The Court notes first, however, the lack of Plaintiff's evidence against defendants Chief Ramey and Officer Caldwell. Neither of those defendants effectuated "the arrest nor were they on the scene at the time of the arrest" [59]. Plaintiff's Complaint [1] is noticeably lacking in any evidence against those individuals, and she fails to provide any meaningful evidence in her summary judgment response [62]; therefore, no genuine dispute of material fact exists concerning defendants Chief Ramey and Officer Caldwell, and Plaintiff claims against them are dismissed. *DeLeon v. City of Dallas*, 141 F. App'x 258, 262 (5th Cir. 2005).

Returning to Officer Canaday, it is clear to the Court he had probable cause to arrest Plaintiff on the night in question. Defendants' Motion for Summary Judgment [59] lists three different laws against which Plaintiff ran afoul: (1) Booneville Code § 10-9(a)-(b); (2) Mississippi Code § 97-35-9; and (3) Mississippi Code § 97-35-7. The City of Booneville's noise ordinance makes it unlawful for any person "owning, employing or having the care, custody or possession of any . . . device for amplifying . . . shall operate . . . such instrument . . . in such a

manner as to disturb the peace and comfort of the neighboring inhabitants" [59 (citing BOONEVILLE CODE § 10-9(a))]. "The operation of any . . . instrument . . . in such a manner as to be plainly audible on any adjacent or adjoining property shall be prima facie evidence of a violation of this section" [*Id.* (citing BOONEVILLE CODE § 10-9(b))].

Under Mississippi Code § 97-35-9, it is unlawful for a person to "willfully disturb[] the peace of any family or person . . . by loud or unusual noise, or by any tumultuous or offensive conduct." Further, Mississippi Code § 97-35-7 "requires individuals to obey a police officer's lawful commands—*e.g.*, to identify oneself or exit one's vehicle—where a breach of the peace may otherwise occur, and officers may arrest someone who refuses." *Rucker v. Marshall*, 119 F.4th 395, 402 (5th Cir. 2024) (citing MISS. CODE ANN. § 97-35-7). Considering record evidence, Plaintiff's own admissions,[4] and the statutory language above, no genuine dispute of material fact exists as to Officer Canaday's probable cause. Plaintiff was outside her home with a karaoke machine, singing with the music coming from the neighboring property (at least), and refusing to identify herself or provide her driver's license to a police officer. Since Plaintiff cannot show her arrest was made without probable cause, Plaintiff's Fourth Amendment rights were not violated, and the claims against Officer Canaday must be dismissed.

### 2. *Claims against Municipality*

Although unnecessary due to Plaintiff's lack of an underlying constitutional violation, the Court next discusses Plaintiff's municipality liability claims out of an abundance of caution. See *Wade v. City of Houston*, 110 F.4th 797, 799-800 (5th Cir. 2024) (citing *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)) (other citations omitted). Also known as a *Monell*

---

[4] "I pulled out my karaoke machine to my front porch directly beside my front door. I just sang to the songs" [62; 58-1, 2:33-3:04].

7

claim,[5] municipalities can be held responsible for § 1983 claims. However, to do so, a plaintiff must show "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Martinez v. City of Rosenberg*, 123 F.4th 285, 289 (5th Cir. 2024) (citing *Doe v. Burleson Cnty, Tex.*, 86 F.4th 172, 176 (5th Cir. 2023)) (internal quotation marks omitted). Plaintiff fails on all three prongs of this test. While Plaintiff lists potential policymakers as defendants, she fails to allege any official policy as required under the second prong. That alone is enough for the dismissal of her *Monell* claim. *Jernigan v. City of Parker*, No. 4:14-CV-803, 2015 WL 4624810, *3 (E.D. Texas Aug. 3, 2015) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 580-81 (5th Cir. 2001)). Even if it were not, the Court already established Plaintiff has no underlying constitutional violation to support the third prong; therefore, no genuine dispute of material fact exists regarding Plaintiff's claims against the City of Booneville and Booneville Police Department, requiring their dismissal.

### IV. Conclusion

Having duly considered the arguments of both parties, the Court grants Defendant City of Fulton, Mississippi's Motion for Judgment on the Pleadings [56] and grants Defendants City of Booneville, Mississippi; Booneville Police Department; Chief of Police Michael Ramey; Officer Aaron Canaday; and Officer Scott Caldwell's Motion for Summary Judgment [58] for the stated reasons set out in this opinion. Plaintiff's claims against all Defendants shall be dismissed.

An order in accordance with this opinion will issue this day.

THIS the 14th day of February, 2025.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

---

[5] *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).